UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSHUA EGGLESTON,

                                       Plaintiffs,                9:25-CV-0770
                                                                       (GTS/TWD)
                 v.

FREDERICK AKSHAR, et al.,

                                       Defendants.
_____

APPEARANCES:                                                                    OF COUNSEL:

JOSHUA EGGLESTON
Plaintiff, pro se
25-B-1221
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

GLENN T. SUDDABY
United States District Judge

**DECISION AND ORDER**

I.      **INTRODUCTION**

On June 16, 2025, pro se plaintiff Joshua Eggleston ("plaintiff") filed a complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") asserting claims arising out of his confinement at Broome County Correctional Facility ("Broome County C.F."). Dkt. No. 1 ("Compl."). Plaintiff also filed a motion to proceed in forma pauperis ("IFP"). Dkt. No. 2.

In a Decision and Order filed on July 25, 2025 (the "July 2025 Order"), the Court granted plaintiff's IFP application and reviewed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b)(1). Dkt. No. 5. The Court dismissed plaintiff's complaint for failure to state a claim. *Id.* In light of plaintiff's pro se status, the Court provided

plaintiff with an opportunity to amend his complaint. *Id*. Plaintiff was advised that, if he failed to submit an amended complaint within thirty (30) days of the filing date of the July 2025 Order, the Court would, without further order, enter judgment dismissing the action without prejudice for failure to state a claim on which relief may be granted pursuant to Sections 1915(e)(2)(B) and 1915A(b)(1). *Id.*

On August 18, 2025, mail sent to plaintiff at the address listed on the Docket Report was returned as "undeliverable." Dkt. No. 7. Plaintiff's last known address, and the address listed on the Docket Report was Broome County Correctional Facility. Pursuant to the July 2025 Order, judgment was entered by the Clerk on September 30, 2025, and it was served on plaintiff by regular mail. Dkt. No. 8. On October 14, 2025, mail sent to plaintiff at the address listed on the Docket Report was returned as "undeliverable." Dkt. No. 9. Plaintiff did not appeal to the Second Circuit from the Judgment. *See generally* Docket Report.

On January 6, 2026, plaintiff filed a letter motion to re-open the action. Dkt. No. 10. In light of plaintiff's pro se status, the Court considers the submission as a motion to vacate the September 2025 judgment.

## II.    MOTION TO VACATE

While plaintiff does not specify the grounds under which he seeks to vacate, construing his submission liberally, plaintiff requests relief under Federal Rule of Civil Procedure 60(b)(6) arguing "extraordinary circumstances." Rule 60(b) provides:

> Grounds for Relief from a Final Judgment, Order or Proceeding.
> On a motion and just terms, the court may relieve a party . . . from
> a final judgment, order, or proceeding for the following reasons:
>
> > (1)    mistake, inadvertence, surprise, or excusable
> >          neglect;

2

>    (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>    (3) fraud, misrepresentation, or misconduct;
>    (4) the judgment is void;
>    (5) the judgment has been satisfied, released, or discharged; or
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time-- and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1). "[A] district court may not apply the normal rules for enlarging the time, contained in Federal Rule of Civil Procedure Rule 6(b), to a motion under Rule 60(b)." *Flemming v. Rosadro*, No. 9:06-CV-809 (FJS/RFT), 2010 WL 11546111, at *2 (N.D.N.Y. July 26, 2010), *aff'd,* No. 10-3430-PR, 2011 WL 5222791 (2d Cir. Nov. 3, 2011).

Rule 60(b)(6) is a "catch-all" provision that applies to "extraordinary circumstances" or "extreme hardship." *U.S. v. Cirami,* 563 F.2d 26, 32 (2d Cir. 1977). The decision whether to afford relief rests with the "sound discretion of the district court." *Garcia v. Myears,* No. 13-CV-0965, 2015 WL 1015425, at *2 (W.D.N.Y. March 9, 2015). "Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.,* 817 F.2d 6, 9 (2d Cir. 1987) (citation and internal citations omitted).

Here, plaintiff filed his letter on January 3, 2026[1]; three months since the entry of judgment. *See* Dkt. No. 10. Given the fact that plaintiff is pro se, the Court does not find the

---

[1] Under the "prison mailbox rule," the date of filing is deemed to be the date that the prisoner-plaintiff delivered his submission to a prison guard for mailing to the court which, absent other evidence, is presumed to be the

delay to be unreasonable. In support of his claim of "extraordinary circumstances," plaintiff claims that the action was "closed without [his] knowledge" because he was transferred to "Upstate prison" in July 2025 and "Broome County said that I was no longer incarcerated so I never received paperwork[.]" Dkt. No. 10.

Based upon a review of the motion and procedural history, to prevent manifest injustice, the Court grants plaintiff's motion to vacate the judgment. *See Braithwaite v. Gaitman*, No. 22-CV-0974, 2022 WL 14059127, at *5 (E.D.N.Y. Oct. 24, 2022) (noting that the special solicitude towards pro se litigants "takes a variety of forms, including liberal construction of papers, relaxation of the limitations on the amendment of pleadings, leniency in the enforcement of other procedural rules"). The judgment entered September 30, 2025 is vacated. The Clerk is directed to restore this case to the active docket.

Since this action has been re-opened, the Court will afford plaintiff a final opportunity to comply with the July 2025 Order. The deadline for submission of an amended complaint in compliance with the July 2025 Order is extended for thirty (30) days. Plaintiff is advised that for the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. Consequently, plaintiff is advised that he must continue to submit any address changes to the Court as long as his action is pending. "Failure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action." N.D.N.Y. L.R. 41.2(b).

### III.   CONCLUSION

---

date that the submission was signed. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Noble v. Kelly*, 246 F.3d 93, 97 (2d Cir. 2001). Here, the submission is not dated, but the envelope was postmarked January 3, 2026. Dkt. No. 10 at 2.

**WHEREFORE, it is hereby**

**ORDERED** that plaintiff's motion to vacate (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that in the event plaintiff fails to comply with the directives set forth herein, the complaint shall be dismissed without prejudice, without further order of this Court; and it is further; and it is further

**ORDERED** that the Clerk of the Court serve a copy of this Order on plaintiff.

Dated: January 29, 2026
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge